UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SERGEY MKHITARYAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA,<br><br>Defendants. | Case No. 2:20-cv-02348-KJD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF Nos. 12, 13, and 16 |

Pending before the Court are Plaintiff Sergey Mkhitaryan's Request (ECF No. 12) that seeks relief from a prior judgment), Motion for Status and Copies (ECF No. 13), and Motion to Stay Case (ECF No. 16). No responses to any of these Motions were filed.

**I.  Procedural and Factual Background Relevant to the Pending Motions**.

This case began on December 28, 2020 when Plaintiff filed his Complaint. ECF No. 1. One day later Plaintiff paid the full filing fee of $400. Thus, Plaintiff is not proceeding *in forma pauperis*. On January 25 and February 1, 2021, Plaintiff filed changes of address identifying identical new addresses. ECF Nos. 5 and 6. On April 14, 2021, the Clerk of Court issued and mailed a notice of intent to dismiss because Plaintiff had not served any Defendant by that date. ECF No. 7. The mail was sent to Plaintiff's new address but returned as undeliverable on April 30, 2021. ECF No. 8. On May 24, 2021, Plaintiff's case was dismissed without prejudice. ECF No. 9.

Two days later, on May 26, 2021, Plaintiff filed a Motion for a Status Check showing a new address at Clark County Detention Center ("CCDC"). ECF No. 10. At no time after Plaintiff filed his changes of address on January 25 and February 1, 2021 had Plaintiff notified the Court that he was no longer at the address provided in these notices. On June 11, 2021, the Court updated Plaintiff's address to CCDC. On July 12, 2021, Plaintiff filed the pending Request (ECF No. 12) also from CCDC.

In Plaintiff's Request, he states that he did not receive the Court's May 24, 2021 Order until June 14, 2021. *Id*. at 2. Plaintiff also states that he never received the notice entered by the Clerk

1

of Court that preceded the Order dismissing his case. Plaintiff attaches to his Request a document that shows he sought postage from his CCDC trust account on March 9, 2021 to mail a document to the U.S. District Court for the District of Nevada. *Id*. at 3. Plaintiff states in his Request that he asked for postage so that he could send a letter to the Clerk of Court updating his address. *Id*. at 2. Plaintiff also states he grieved why he did not receive the mail sent by the Court on April 14, 2021. *Id*. at 2. A copy of that grievance is not attached to Plaintiff's Request. The Court interprets Plaintiff's Request as a motion to set aside the judgment closing his case without prejudice.

The Court is also in receipt of Plaintiff's Motion seeking copies of his original Complaint. ECF No. 13. More recently, Plaintiff has filed a Change of Address/Notice of Change/Request to Stay in which he explains that on September 3, 2021, he was committed to the custody of the Division of Public and Behavioral Health for an evaluation of his competency. ECF No. 16. Plaintiff seeks a stay of proceedings until his competency is determined. *Id*. Plaintiff is very concerned about receiving mail while committed to the Division of Public and Behavioral Health. *Id*. Finally, the Court notes that Plaintiff refiled his civil rights Complaint on September 7, 2021, which would ordinarily supersede his originally filed Complaint. However, Plaintiff's refiled Complaint, ECF No. 14, asserts no facts. Instead, Plaintiff appears to incorporate his original Complaint, ECF No. 1, into ECF No. 14.

**II.   Discussion.**

Although Plaintiff does not title his Request as such, the Court construes this Request as seeking relief under Fed. R. Civ. P. 59 or 60. Fed. R. Civ. P. 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiff's Motion is untimely under Rule 59(e). Thus, the Court grants no relief under this Rule.

Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) allows a party to seek relief from a final judgment based on "any other reason that justifies relief." "Motions brought under Rule 60(b) require the court to balance the interest in finality of judgments (ones which should not lightly be disturbed), and the desire to achieve justice. Rule 60(b) is remedial in nature and must be liberally

applied, and motions made under Rule 60(b) are addressed to the sound discretion of the district court." *U.S. Bank National Association, as Trustee v. Thunder Properties, Inc.*, Case No. 3:17-cv-00106-MMD-WGC, 2019 WL 2110512, at *3 (D. Nev. May 13, 2019) (citations and internal quote marks omitted). Sound discretion is broad and only disturbed on appeal for abuse of discretion. *Broemer v. United States*, Case No. CV 01-04340 MMM (RZx), 2008 WL 11411403, at *3 (C.D. Cal. June 2, 2008) (citation omitted).

Despite Plaintiff's current housing location and fear of failing to receive mail, the Court makes this report and recommendations on his pending Motions. As discussed below, Plaintiff's Complaint, ECF No. 1 as incorporated by ECF No. 14, fails to state a claim upon which relief may be granted, amendment would be futile, and there is no basis upon which to grant relief under Rule 60(b).

Plaintiffs' Complaint (together ECF Nos. 1 and 14), attempts to proceed against the State of Nevada, the Clark County District Attorney, and judges who serve in the County and State judicial systems. Plaintiff also appears to claim his current defense counsel, who are either privately retained or appointed by the County, are in cahoots with the District Attorney and judges who are overseeing his criminal prosecution. Finally, Plaintiff seeks relief based on alleged wrongdoing committed by all the would-be defendants during his unadjudicated criminal proceedings pending in state court.[1] In sum, Plaintiff's Complaint asserts a wandering tale of conspiracy and fantastic conduct that is nonsensical and ultimately fails to state a claim upon which relief may be granted.

To the extent Plaintiff seeks federal judicial intervention in an ongoing state criminal proceeding, granting such relief would be improper. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting

---

[1] *See State of Nevada v. Sergey Mkhitaryan*, Case Nos. C-16-312718 and C-16-312769.

any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46. Plaintiff's Complaint presents no coherent facts alleging irreparable injury.

Further, the State of Nevada is absolutely immune from suit. Plaintiff can raise no 42 U.S.C. § 1983 claims against the State of Nevada as Eleventh Amendment sovereign immunity bars such actions. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of Section); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

The District Attorney is also immune from suit for any acts that are not "manifestly or palpably beyond his authority" and "hav[e] more or less connection with the general matters committed to his control or supervision." *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (internal quotations omitted). "The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) (internal citation omitted). Absolute prosecutorial "immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001). Likewise, judges and those performing judge-like functions are absolutely immune from damages liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). To the extent the Court understands Plaintiff's factual allegations, they raise convoluted concerns regarding conduct that falls within the functions of prosecutorial and official capacity acts. *See* ECF No. 1.

Finally, with respect to Plaintiff's counsel, if they were appointed by the State, they are not "persons" capable of being sued under 42 U.S.C. § 1983. *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513

F.3d 1057, 1079 (9th Cir. 2008).  If Plaintiff's counsel was privately retained, they are immune from suit as they were not acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk Cnty.*, 454 U.S. at 317-18.

District courts have the authority to dismiss cases *sua sponte* without notice to a plaintiff when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).  Plaintiff's Complaint, ECF No. 1 incorporated by ECF No. 14, consists of approximately thirty (30) pages of rambling claims and intertwining fantastic allegations regarding the State's criminal justice system and its participants that are, at the very best, not grounded in reality.  The allegations provide no basis for any form of relief.

Because (1) Plaintiff seeks relief against entities and individuals who enjoy immunity, (2) his Complaint otherwise states a series of facts that rise to the level of irrationality and are wholly incredible, and (3) it is clear from the face of the Complaint that the deficiencies cannot be cured by amendment, the Court recommends denial of all of Plaintiff's pending Motions.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Recommendation.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Request (ECF No. 12), Motion for Status and Copies (ECF No. 13), and Motion to Stay Case (ECF No. 16) be DENIED with prejudice and this matter remain closed.

IT IS FURTHER RECOMMENDED that the Court forward a copy of this Order to Plaintiff's address at Clark County Detention Center at Inmate Number 2679724, 330 S. Casino Center Dr., Las Vegas, NV 89101, and Lake's Crossing Center at 500 Galletti Way, Sparks, NV 89431.

Dated this 6th day of October, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).